GARY M. RESTAINO
United States Attorney
District of Arizona
LOUIS UHL
Assistant U.S. Attorney
Arizona State Bar No. 021621
7102 E. 30th Street, Suite 101
Yuma, Arizona 85365
Telephone: 928-314-6410
Email: Louis.Uhl@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Alexander Edinilson Pineda,<br>a.k.a. Alexander Pineda-Edinilson,<br><br>Defendant. | Case No. 22-01102MJ<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Alexander Edinilson Pineda, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 2 of the Complaint charging the defendant with a violation of Title 8, United States Code (U.S.C.), Section 1325(a)(1), Illegal Entry by Alien, a class B misdemeanor offense.

2. **MAXIMUM PENALTIES**

    a. A violation of 8 U.S.C. § 1325(a)(1) is punishable by a maximum fine of $5,000, a maximum term of imprisonment of six months, or both.

    b. Pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii), the Court is required to order the defendant to pay a $10 special assessment.

a. <u>Stipulation: Sentence of Imprisonment</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the defendant shall be sentenced to a term of 30 days of imprisonment, or time served, whichever is greater.

b. <u>Stipulation: Prompt Sentencing</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that sentencing may occur on the day of the change of plea hearing.

c. <u>Stipulation: Dismissal of Count 1</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), at time of sentencing the United States will dismiss Count 1 of the Complaint.

4. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

5. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

6. **EFFECT ON OTHER PROCEEDINGS**

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

7. **ELEMENTS**

**Improper Entry by Alien**

On or about January 29, 2022, in the District of Arizona:

1. The defendant was an alien; and
2. The defendant knowingly and voluntarily entered the United States at a time or place other than as designated by immigration officers.

8. **FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I, Alexander Edinilson Pineda, am not a citizen or national of the United States. I was voluntarily present and found in the United States near San Luis, Arizona on January 29, 2022. On or about January 29, 2022, near San Luis, Arizona, within the District of Arizona, I knowingly entered the United States at a time and place other than as designated by immigration officials of the United States, by crossing the border between ports of entries. I was not under the constant, continuous observation of immigration authorities

from the time I crossed the border until the time I was found on January 29, 2022.

c. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

This agreement has been read to me in Spanish and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

2/16/22
Date

ALEXANDER EDINILSON PINEDA
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the

offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into Spanish to the defendant on the 16th day of February, 2022.

2/16/22
Date

GEORGE J. ROMERO
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

February 2, 2022                    *Louis Uhl* (signature)
Date                                LOUIS UHL
                                    Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

2-22-22                             (signature)
Date                                HONORABLE JAMES F. METCALF
                                    United States Magistrate Judge